FILED
2021 Dec-20 PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CANDACE RIVERS;** ] | |
| ] | |
| Plaintiff, ] | |
| v. ] | Case No. 1:21-cv-01226-ACA |
| ] | |
| **NOOM, INC.;** ] | |
| ] | |
| Defendant. ] | |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff Candace Rivers ("Plaintiff Rivers") and files the following amended complaint in this cause of action:

## PARTIES

1. At all times relevant and material, Plaintiff Rivers is and was a resident of Calhoun County, Alabama.

2. At all times relevant and material, Defendant Noom, Inc. ("Defendant Noom") is and was a privately held corporation with a principal place of business at 229 W 28th Street, New York, New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332 because the claims of Plaintiff Rivers exceed the sum or value of

1

$1,000,000 and diversity of citizenship exists between Plaintiff Rivers and Defendant Noom.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because substantial parts of the events that give rise to this lawsuit occurred in this District.

## PARTIES

5. The Plaintiff Candace Rivers is a resident of Alabama.

6. Defendant Noom is a diet and weight loss company headquartered in New York, New York and located at 229 West 28th Street, New York.

## FACTUAL ALLEGATIONS

7. Plaintiff Rivers is a well-known locally and nationally.

8. Plaintiff Rivers has appeared nationally on CNN, as well as on many television stations that are local to her area.

9. Plaintiff Rivers has a loyal following of person who are engaged in the fitness lifestyle.

10. Plaintiff Rivers acts as a mentor to persons who are in the fitness lifestyle and those persons value and place great worth on River's opinions and recommendations related to health and fitness.

11. There is and was at all times relevant a unique quality in Plaintiff River's likeness that resulted in commercial profit to Defendant Noom simply from using Plaintiff Rivers's photograph in Defendant Noom's advertisements.

12. There is and was at all time relevant unique value in Plaintiff River's likeness that resulted in commercial profit to Defendant Noom simply from using Plaintiff Rivers's photograph in Defendant Noom's advertisement.

13. Defendant Noom maintains a robust social media presence including on Facebook.

14. Defendant Noom also advertises regularly on Facebook.

15. Defendant Noom has a Facebook audience of over 13,000,000 viewers.

16. On multiple occasions, the following advertisement (the "Advertisement")  appeared on Facebook:

3

17.  Plaintiff Rivers did not give Defendant Noom permission to use her likeness in the Advertisement shown in Paragraph 15 above.

18.  The Advertisement showing Plaintiff Rivers's likeness is superimposed with the following alleged direct quote attributed to Plaintiff Rivers "I was pushing a size 16, now a year later I'm around a size 10".

19.  The alleged direct quote in the Advertisement attributed to Plaintiff Rivers was never made by Plaintiff Rivers.

20.  Plaintiff Rivers was made aware by mutual Facebook friends that Defendant Noom was using her likeness:



21. The Advertisement redirected viewers of the advertisement back to www.noom.com.

22. Defendant Noom placed Plaintiff Rivers in a false light by misappropriating Plaintiff River's likeness.

23. During Defendant Noom's unlawful use of Plaintiff's Rivers's likeness, Plaintiff Rivers received messages informing her that because of Noom's unlawful usage, the senders would sign up for Defendant Noom's weight loss program.

24. Defendant Noom attributed false, misleading, and deceptive statements to Plaintiff Rivers.

25. Hence, this lawsuit.

## COUNT I
### (Alabama Right of Publicity Act Ala. Code § 6-5-772)

26. The Plaintiff further alleges:

27. Defendant Noom did use the identity of Plaintiff Rivers in the State of Alabama without her permission.

28. Defendant Noom did use the identity of Plaintiff Rivers in the advertisement of its supposed weight-loss products.

29. Defendant Noom did use the identity of Plaintiff Rivers in Facebook advertisements that induced consumers to purchase Defendant Noom's products and/or services.

30. Defendant Noom did recognize profits from the unauthorized use of Plaintiff River's identity in Defendant Noom's advertisements.

31. Plaintiff Rivers has been damaged as a result.

32. Defendant Noom did attribute false quotes to Plaintiff Rivers.

33. Defendant Noom did, knowingly and willfully attribute false and deceptive quotes to Plaintiff Rivers.

34. Defendant Noom knowingly and willingly attributed these false quotes to Plaintiff Rivers by superimposing the false quote across the unauthorized photograph of Plaintiff River used in Facebook advertisement that is afore described.

35. The actions of Defendant Noom described in paragraphs 24-31 were willful and wanton.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rivers demands judgment against Defendant Noom. Plaintiff Rivers further prays for compensatory and punitive damages, with damages being in an amount to be determined by a struck jury.

## COUNT II
**(Right of Privacy – Appropriation Tort)**

36. Plaintiff Rivers further alleges:

37. Defendant Noom is liable to Plaintiff Rivers for the common law tort of misappropriation.

38. Defendant Noom, as alleged above, did commercially appropriate the likeness of Plaintiff Rivers for monetary gain.

39. Defendant Noom did misappropriate the likeness of Plaintiff Rivers for the commercial benefit of Defendant Noom.

40. Plaintiff Rivers has a commercially marketable likeness.

41. Defendant Noom has profited from the misappropriation of Plaintiff Rivers's likeness as afore described.

42. Plaintiff Rivers's privacy has been damaged as a result of Defendant Noom's misappropriation of Plaintiff Rivers's likeness.

43. At no time did Plaintiff Rivers give Defendant Noom express or implied consent to use her likeness nor invade her privacy in Defendant Noom's advertisements.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rivers demands judgment against Defendant Noom for Count II herein. Plaintiff Rivers further demands compensatory and punitive damages in an amount to be determined by a struck jury.

## COUNT III
**(Invasion of Privacy)**

44. Plaintiff Rivers further alleges:

45. Defendant Noom is liable to Plaintiff Rivers for the tort of invasion of privacy.

46.    Defendant Noom did, without the permission of Plaintiff Rivers used aspects of Plaintiff Rivers's identity without the approval or prior knowledge of Plaintiff Rivers's.

47.    Specifically, Defendant Noom did use pictures and likeness of Plaintiff Rivers to advertise, market and sell services to the general public.

48.    In using the likeness of Plaintiff Rivers, the Defendant Noom did attribute false, misleading, inaccurate, and hurtful statements about Plaintiff Rivers regarding her weight.

49.    The invasion of Plaintiff River's privacy by Defendant Noom did cause Plaintiff Rivers to suffer emotional distress and mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rivers demands judgment against Defendant Noom for Count III.  Plaintiff Rivers further seeks damages from Defendant Noom for Count III in the form of compensatory and punitive.

## JURY DEMAND

50.  Plaintiff Rivers herein renews her demand for a trial by struck jury on all triable issues of fact.

>   Respectfully submitted,
>
>   *s/ H. Gregory Harp*
>   H. Gregory Harp (asb-0904-t75h)
>   GREGORY HARP LLC
>   Post Office Box 26
>   Trussville, Alabama 35173
>   gh@gregoryharplaw.com
>   205.291.0088