# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CANDACE RIVERS<br><br>          Plaintiff,<br><br>v.<br><br>NOOM, INC.<br><br>          Defendant. | No. 1:21-CV-01226-CLM |

## DEFENDANT NOOM'S MOTION TO DISMISS

Defendant Noom, Inc. ("Noom") respectfully moves this Court to dismiss all claims asserted against it in Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). As grounds for this motion, Noom states as follows:

    1.    The Amended Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Plaintiff cannot establish that the Court has general or specific jurisdiction over Noom because the Amended Complaint does not allege that Noom has any contacts or affiliations with Alabama, or that it otherwise purposefully availed itself of the protections of Alabama's laws.

    2.    The Amended Complaint should be dismissed for improper venue under Rule 12(b)(3) because Plaintiff alleges no contacts or affiliations between Noom and Alabama in her amended pleading.

3. Count I of the Amended Complaint (Alabama Right of Publicity Act, Ala. Code § 6-5-772) ("AROPA") should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) because the Amended Complaint does not allege that the advertising at issue was directed at Alabama, and the Alabama statute is presumed not to operate extraterritoriality, contains the limiting clause "in this state," and would be placed in constitutional jeopardy, including under the dormant Commerce Clause, if not construed with such a geographic limitation.

4. Count II of the Amended Complaint (Right of Privacy - Appropriation Tort) should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) because it is entirely duplicative of Count I and, in any event, should be dismissed for the same reasons as Count I.

5. Count III of the Amended Complaint (Invasion of Privacy) should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) because Count III does not fit any recognized type of invasion-of-privacy claim under Alabama law given the core of Plaintiff's allegations is that Noom infringed on her right of *publicity*, not of privacy.

WHEREFORE, PREMISES CONSIDERED, Noom respectfully requests that the Court dismiss all claims asserted against it in the Amended Complaint.

DATED:	March 21, 2022

                                          Respectfully Submitted,

/s/ Jay M. Ezelle
Jay M. Ezelle
Michael R. Lasserre
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
Phone: (205) 868-6000
Fax: (205) 868-6099
*jezelle@starneslaw.com*
*mlasserre@starneslaw.com*

John Quinn (*Pro Hac Vice* pending)
Maximillian L. Feldman (*Pro Hac Vice* pending)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Phone: (212) 763-0883
*jquinn@kaplanhecker.com*
*mfeldman@kaplanhecker.com*

*Attorneys for Noom, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

H Gregory Harp
GREGORY HARP LLC
459 Main Street
Suite 101-266
Trussville, AL 35173
205-544-3132
Fax: 205-769-1414
Email: gh@gregoryharplaw.com


Nicholas B Sparks
Nicholas Sparks Injury Law, LLC
P O Box 729
Jasper, AL 35502
205-387-8282
Fax: 205-387-8212
Email: nicholassparkslaw@gmail.com


                                            /s/ Jay M. Ezelle