FILED
2022 Mar-21  PM 08:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

CANDACE RIVERS

                       Plaintiff,          No. 1:21-CV-01226-CLM

      v.

NOOM, INC.

                       Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NOOM'S MOTION TO DISMISS

Jay M. Ezelle
Michael R. Lasserre
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
Phone: (205) 868-6000
Fax: (205) 868-6099
*jezelle@starneslaw.com*
*mlasserre@starneslaw.com*

John C. Quinn (*Pro Hac Vice* pending)
Maximillian L. Feldman (*Pro Hac Vice* pending)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Phone: (212) 763-0883
Fax: (212) 564-0883
*jquinn@kaplanhecker.com*
*mfeldman@kaplanhecker.com*

*Attorneys for Noom, Inc.*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION ............................................................................. 1

BACKGROUND ............................................................................... 2

ARGUMENT .................................................................................... 3

   I.   The Complaint Should be Dismissed for Lack of Personal Jurisdiction and Improper Venue. ........................................................................... 4

     A.  Lack of Personal Jurisdiction ............................................... 4

     B.  Improper Venue ................................................................... 9

   II.  The Complaint Should be Dismissed for Failure to State a Claim. .............. 10

     A.  Alabama Right of Publicity Act (Count I) ................................. 10

     B.  Commercial Appropriation (Count II) ...................................... 13

     C.  "Invasion of Privacy" (Count III) ............................................ 13

CONCLUSION ................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bacon v. Pittman*,
No. 20-14510-F, 2021 WL 2232614 (11th Cir. May 14, 2021)..........................15

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
137 S. Ct. 1773 (2017)..........................................................................................4

*Burgin v. Lahaye*,
No. 2:07 Civ. 1425, 2008 WL 11377640 (N.D. Ala. June 13, 2008) ...................7

*Butler v. Beer Across Am.*,
83 F. Supp. 2d 1261 (N.D. Ala. 2000) ..................................................................7

*Calder v. Jones*,
465 U.S. 783 (1984) ..............................................................................................6

*Carmouche v. Tamborlee Mgmt., Inc.*,
789 F.3d 1201 (11th Cir. 2015)............................................................................5

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
593 F.3d 1249 (11th Cir. 2010)............................................................................5

*Diulus v. Am. Express Travel Related Servs. Co., Inc.*,
823 F. App'x 843 (11th Cir. 2020)........................................................................8

*Ex parte Emerald Mountain Expressway Bridge, L.L.C.*,
856 So. 2d 834 (Ala. 2003) .................................................................................12

*Ex parte Old Republic Sur. Co.*,
733 So. 2d 881 (Ala. 1999) .................................................................................10

*Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*,
766 F. Supp. 2d 1122 (W.D. Wash. 2011) ..........................................................12

*Express Oil Change, LLC* v. *Car Wash Partners, Inc.*,
No. 2:19 Civ. 01640, 2020 WL 1324079 (N.D. Ala. Mar. 20, 2020)...............4, 7

*Facebook, Inc. v. Rankwave Co., Ltd.*,
    No. 19 Civ. 03738, 2019 WL 8895237 (N.D. Cal. Nov. 14, 2019) ...................... 8

*Healy v. Beer Inst., Inc.*,
    491 U.S. 324 (1989) ............................................................................................12

*Hogin v. Cottingham*,
    533 So. 2d 525 (Ala. 1988) ...............................................................................14

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003) ...........................................................................9

*Licciardello v. Lovelady*,
    544 F.3d 1280 (11th Cir. 2008) ...........................................................................6

*Paulson v. Backyard Wrestling, Inc.*,
    No. Civ. 04-JEO-2500-E, 2005 WL 8158627 (N.D. Ala. June 24, 2005) .............7

*Pinson v. Rumsfeld*,
    192 F. App'x 811 (11th Cir. 2006) .......................................................................9

*Schifano v. Greene Cnty. Greyhound Park, Inc.*,
    624 So. 2d 178 (Ala. 1993) ......................................................................... 14, 15

*Sloss Indus. Corp. v. Eurisol*,
    488 F.3d 922 (11th Cir. 2007) ..............................................................................4

*Smarter Every Day, LLC v. Nunez*,
    No. 2:15 Civ. 01358, 2017 WL 1247500 (N.D. Ala. Apr. 5, 2017) .................6, 8

*Tilton v. Playboy Ent. Grp., Inc.*,
    554 F.3d 1371 (11th Cir. 2009) .........................................................................12

*United Tech. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ...........................................................................4

*Vulcan Mktg., Inc. v. United Furniture Indus. Bolivia, S.A.*,
    No. 2:09 Civ. 00571, 2010 WL 11566476 (N.D. Ala. Feb. 1, 2010) ....................9

*Waite v. All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) ............................................................... 4, 5, 6, 8

iv

*Walden v. Fiore*,
  571 U.S. 277 (2014) ...................................................................................6, 8

*Wilborn v. Trant*,
  No. 4:15 Civ. 02071, 2017 WL 6596594 (N.D. Ala. Nov. 17, 2017)..................13

*Winner v. Marion Cnty. Comm'n*,
  415 So. 2d 1061 (Ala. 1982) ...............................................................................11

**Statutes**

28 U.S.C. § 1391(b)(2).............................................................................................9

Ala. Code § 6-5-771 ..............................................................................................13

Ala. Code § 6-5-772(a) ..........................................................................................11

Fed. R. Civ. P. 12(b)(2)............................................................................................3

Fed. R. Civ. P. 12(b)(3)..........................................................................................3, 9

Fed. R. Civ. P. 12(b)(6)................................................................................ 3, 10, 13

**Other Authorities**

Restatement (Second) of Torts § 652A (1977).......................................................14

Restatement (Second) of Torts § 652E (1977) .......................................................15

## INTRODUCTION

This case seeks an unjustified windfall in the wrong Court. Plaintiff Candace Rivers alleges that Noom, Inc. ("Noom"), a New York-based company, used a picture of her, without her permission, in a single Facebook advertisement. Plaintiff does not—because she cannot—allege that Noom obtained the image improperly (*i.e.*, from some private source as opposed to a commercial supplier of images), that Noom knew she had not consented to its use, or that Noom failed to take the ad down immediately upon her request. Plaintiff also does not allege that the ad was aimed at Alabama, that it ran for any specific length of time, or that it caused her any particular harm. Nevertheless, Plaintiff has filed a moonshot claim for more than $1 million in damages (available statutory damages are $5,000), haling Noom into a jurisdiction with which it has no relevant contacts, and forcing Noom—and this Court—to expend resources litigating this case far beyond any conceivable damages Plaintiff could have suffered.

Plaintiff's claims should be dismissed with prejudice for multiple reasons. *First*, Plaintiff has failed to allege *any* connection between Noom and Alabama, let alone facts sufficient to establish personal jurisdiction (or proper venue) in this District. Indeed, the only alleged connection between Alabama and this case is the residence of Plaintiff herself—and the U.S. Supreme Court has squarely rejected such a connection as a sufficient basis for establishing personal jurisdiction over an

1

out-of-state defendant. *Second*, all of Plaintiff's claims fail as a matter of law. The absence of any alleged connection between the ad and Alabama dooms Plaintiff's principal claim under the Alabama Right of Privacy Act, which only applies to advertising directed at the State. Plaintiff's common law commercial appropriation claim fails because it is wholly duplicative of her statutory claim. And the ill-defined and under-pled Count III—which Plaintiff hurriedly asserted in an amended complaint after failing to effect service for more than three months—does not meet the requirements of any recognized form of invasion of privacy claim.

## BACKGROUND

Plaintiff is an Alabama resident and a self-described "mentor to persons who are in the fitness lifestyle." Am. Compl. ("AC") ¶¶ 1, 5, 10. She alleges that Noom, a privately held corporation with its principal place of business in New York, used her image, without her permission, in a Facebook ad. *Id.* ¶¶ 2, 6, 16–17. Plaintiff also alleges that the ad included a quotation—"I was pushing a size 16, now a year later I'm around a size 10"—which, she alleges, Noom falsely attributed to her, though the ad did not refer to her by name. *Id.* ¶¶ 18–19. Plaintiff does not allege that Noom directed the ad toward Alabama. Nor does she allege that Noom has any other contacts with Alabama.

Despite the absence of any connection between Noom and Alabama (and the absence of any particularized allegation of harm), Plaintiff haled Noom into federal

court in this District and demanded more than $1 million. She filed her initial Complaint on September 10, 2021, asserting two claims: one statutory claim for breach of the Alabama Right of Privacy Act (the "AROPA"), which provides for statutory damages of $5,000, and one tort claim for what the Complaint termed a "Right of Privacy – Appropriation Tort." ECF No. 1. She then failed to effect service for more than three months.

On December 15, the Court issued an order to show cause why the Complaint should not be dismissed for failure to serve Noom. *See* ECF No. 2. Plaintiff then filed an Amended Complaint on December 20, adding a third claim, styled as an "Invasion of Privacy" claim. ECF No. 3. Noom waived service, ECF No. 7, and sought a short extension to answer or move to dismiss, which Plaintiff opposed and the Court granted, ECF Nos. 10, 13.

## ARGUMENT

Plaintiff's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because she fails to allege facts sufficient to establish that this Court has personal jurisdiction over Noom. Plaintiff also cannot establish proper venue under Rule 12(b)(3) for the same basic reasons. And even if Plaintiff could establish jurisdiction and venue, which she cannot, Plaintiff's Amended Complaint nevertheless should be dismissed with prejudice under Rule 12(b)(6) because she fails to state a claim on which relief can be granted.

3

## I.   The Complaint Should be Dismissed for Lack of Personal Jurisdiction and Improper Venue.

### A. Lack of Personal Jurisdiction

It is well-settled that "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff fails to meet that burden here.

A federal district court may assert personal jurisdiction over an out-of-state defendant, like Noom, only if the plaintiff establishes that jurisdiction is permitted by the forum state's long-arm statute and by the due process clause of the Fourteenth Amendment to the U.S. Constitution. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).[1] Courts "have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1779–80 (2017).

The Amended Complaint here does not articulate any theory of personal jurisdiction, nor does it allege sufficient facts to support one. Plaintiff plainly cannot

---

[1] "In Alabama, 'the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible.'" *Express Oil Change, LLC* v. *Car Wash Partners, Inc.*, No. 2:19 Civ. 01640, 2020 WL 1324079, at *2 (N.D. Ala. Mar. 20, 2020) (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007)).

4

establish that the Court has general jurisdiction over Noom. The Amended Complaint does not allege that Noom has any contacts or affiliations with Alabama, let alone contacts sufficiently "continuous and systematic" to make Noom "essentially at home in the forum State." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (internal quotation marks omitted).

Nor can Plaintiff establish specific jurisdiction over Noom in this action. Specific jurisdiction is available only if a plaintiff's claims "arise out of or relate to" a defendant's contacts with the forum, through which the defendant "purposefully availed itself of the privilege of conducting activities within the forum state," such that asserting jurisdiction over the defendants would not "violate traditional notions of fair play and substantial justice." *Waite*, 901 F.3d at 1313 (internal quotation marks omitted). "The focus" of this inquiry is "whether the defendant deliberately engaged in significant activities within a state." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010).

Here, the Amended Complaint does not allege that Noom deliberately engaged in any significant activities in Alabama—much less that the claims arise out of or relate to specific conduct through which Noom purposefully availed itself of the privilege of conducting business in Alabama such that the assertion of jurisdiction would comport with constitutional requirements. In fact, the only contact with Alabama actually alleged in the Amended Complaint is Plaintiff's residence in

5

the State, and the U.S. Supreme Court has squarely held (in an intentional tort case like here) that in order to establish personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Simply put, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. That is because, the Eleventh Circuit has emphasized, the "touchstone" of personal jurisdiction analysis "focuses on 'the relationship among the *defendant*, the forum, and the litigation.'" *Waite*, 901 F.3d at 1312 (emphasis added) (quoting *Walden*, 571 U.S. at 284). Plaintiff does not allege any such relationship here.[2]

Further, even if Plaintiff had alleged that the ad in question was available in Alabama—and the Amended Complaint does not actually go that far[3]—that still would be insufficient as a matter of law to establish specific jurisdiction. Indeed,

---

[2] The Amended Complaint makes no allegation—nor could it—that Noom knew Plaintiff to reside in Alabama and specifically aimed at causing harm to her in this forum. *Contra Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008) (citing *Calder v. Jones*, 465 U.S. 783, 791 (1984)). As this Court recently explained, to establish jurisdiction on that sort of theory, the plaintiff would have to allege facts to show that the "defendant expressly aimed the intentional conduct at a '*known* forum resident.'" *Smarter Every Day, LLC v. Nunez*, No. 2:15 Civ. 01358, 2017 WL 1247500, at *5 (N.D. Ala. Apr. 5, 2017) (emphasis added); *see also id.* at *5 n.4 (explaining that in *Lovelady*, the plaintiff "had reason to know" that the plaintiff lived in the forum "due to a prior working relationship"). In *Smarter Every Day*, this Court held that it lacked personal jurisdiction because "nothing in the complaint indicates that [the defendant] knew that Plaintiff was incorporated in Alabama or that the harm arising from his allegedly tortious conduct would be felt in Alabama." *Id.* at *5. The same is true here.

[3] If anything, the Amended Complaint suggests the opposite. Plaintiff alleges that she only became aware of the relevant ad when a third party, whom she does *not* allege is an Alabama resident, sent it to her. *See* AC ¶ 20.

6

"the Eleventh Circuit has consistently held that a nonresident defendant that merely advertises itself in the forum state does not purposefully avail itself of the protections of the forum state's law." *Burgin v. Lahaye*, No. 2:07 Civ. 1425, 2008 WL 11377640, at *3 (N.D. Ala. June 13, 2008) (dismissing case for lack of personal jurisdiction where facts alleged in complaint showed at most that defendant "only engaged in limited direct advertisement in Alabama and maintained a website accessible everywhere," and such "limited contacts are too attenuated to create personal jurisdiction"); *see also, e.g.*, *Paulson v. Backyard Wrestling, Inc.*, No. Civ. 04-JEO-2500-E, 2005 WL 8158627, at *11–12 (N.D. Ala. June 24, 2005) (finding defendant's advertising and marketing efforts that reached Alabama insufficient to establish personal jurisdiction in the absence of well-founded factual allegations or evidence that such efforts were "specifically directed to customers in Alabama"); *Butler v. Beer Across Am.*, 83 F. Supp. 2d 1261, 1267 & n.7 (N.D. Ala. 2000) (dismissing for lack of personal jurisdiction where defendant's advertising did not "specifically target[] the Alabama market").

Accordingly, in recent years, this Court has repeatedly reaffirmed that maintaining a website that is accessible in Alabama, even a website promoting the defendant's business, is insufficient to establish personal jurisdiction. *See, e.g.*, *Express Oil Change, LLC*, 2020 WL 1324079, at *3 ("accessibility of a website" promoting defendant's services insufficient to establish personal jurisdiction);

7

*Smarter Every Day*, 2017 WL 1247500, at *4 (maintenance of a Facebook page that was "not specifically aimed towards promoting business in the Alabama market" "does not show that they purposefully availed themselves in Alabama"). Courts have likewise rejected jurisdiction based on Facebook advertising that merely reached forum residents for the same reasons. *See, e.g.*, *Facebook, Inc. v. Rankwave Co., Ltd.*, No. 19 Civ. 03738, 2019 WL 8895237, at *7 (N.D. Cal. Nov. 14, 2019) (holding that "the purchase of a single ad that reached consumers in California as well as an unnamed number of other locations" did not constitute "meaningful contact with the forum").

Thus, Plaintiff's residence is insufficient as a matter of law, and so too would be any allegation that the ad in question reached Plaintiff or others in Alabama. As the Eleventh Circuit has explained, the personal jurisdiction inquiry "ensures that a defendant is haled into a court in a forum state based on the defendant's own affiliation with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state." *Waite*, 901 F.3d at 1312 (quoting *Walden*, 571 U.S. at 284).

For all of these reasons, Plaintiff has failed to make out a prima facie case for jurisdiction. And because she has failed to meet her burden, the complaint should be dismissed. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020).

### B. Improper Venue

Plaintiff likewise has the burden of establishing that venue is proper in the Northern District of Alabama. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006); *Vulcan Mktg., Inc. v. United Furniture Indus. Bolivia, S.A.*, No. 2:09 Civ. 00571, 2010 WL 11566476, at *2 (N.D. Ala. Feb. 1, 2010). Plaintiff fails to meet that burden too, for the same basic reasons.

The Amended Complaint formulaically asserts that venue is proper in this District under 28 U.S.C. § 1391(b)(2) because "substantial parts of the events that give rise to this lawsuit occurred in this District." AC ¶ 4. But Plaintiff fails to plead any facts to establish that this is so. Indeed, the Amended Complaint does not allege that Noom engaged in any conduct in Alabama. And, because the venue statute "protects defendants," in determining whether a substantial part of the events giving rise to the claim occurred in the forum, courts "focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003) *(*quotation omitted).

Because Plaintiff alleges *no contacts between Noom and Alabama*, venue is improper in this District, and the complaint should be dismissed on that basis as well. *See* Fed. R. Civ. P. 12(b)(3).

## II.    The Complaint Should be Dismissed for Failure to State a Claim.

Even if Plaintiff could meet her burden to establish personal jurisdiction and venue—and she cannot establish either—the Amended Complaint still would have to be dismissed because Plaintiff fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's principal claim (Count I) asserts a violation of the Alabama Right of Privacy Act, or AROPA. She also pleads two common law invasion-of-privacy claims (Counts II and III). Each of these three claims is fatally flawed.

### A. Alabama Right of Publicity Act (Count I)

Plaintiff's lead claim under the AROPA fails for the simple reason that the statute applies to advertising *directed to Alabama*—and the Amended Complaint does not allege that Noom directed its advertising to Alabama. Indeed, attempting to read that state statute to cover out-of-state advertising gives sweeping extra-territorial effect to a statute that does not expressly provide for it, contradicting settled principles of Alabama statutory construction and raising serious constitutional doubts.

Alabama follows "the general rule of statutory construction that, in order to have extraterritorial effect, a statute must explicitly provide for that effect." *Ex parte Old Republic Sur. Co.*, 733 So. 2d 881, 884 (Ala. 1999). Here, the AROPA does not

explicitly provide that it has extraterritorial effect. To the contrary, the relevant statutory provision includes the important limiting phrase "in this state":

> [A]ny person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services, or for purposes of fund-raising or solicitation of donations, or for false endorsement, without consent shall be liable under this article to that person, or to a holder of that person's rights.

Ala. Code § 6-5-772(a). Thus, the text of the statute expressly circumscribes liability for commercial appropriation of a person's likeness on products, goods, merchandise, or services to situations where those products, goods, merchandise, or services are entered into commerce in Alabama.

And the meaning of the words "advertising" and "false endorsement," which follow (and are adjacent to) the in-state commerce limitation, must be understood in relation to that limitation. *See id*. Indeed, the Alabama Supreme Court has made clear that Alabama applies the doctrine of noscitur a sociis, which provides that "where general and specific words which are capable of an analogous meaning are associated one with the other, they take color from each other, so that the general words are restricted to a sense analogous to that of the less general." *Winner v. Marion Cnty. Comm'n*, 415 So. 2d 1061, 1064 (Ala. 1982). This doctrine makes clear that, in the AROPA, the more general words "advertising" and "false

endorsement" are restricted by the more specific in-state commerce requirement that precedes those words. *See, e.g.*, *Ex parte Emerald Mountain Expressway Bridge, L.L.C.*, 856 So. 2d 834, 842–43 (Ala. 2003) (strictly construing the term "tax" by applying limiting terms found earlier in the provision).

This commonsense interpretation is also supported by the doctrine of constitutional doubt, which "instructs [courts] to construe a statute that is genuinely susceptible to two constructions in favor of the construction that avoids a serious likelihood that the statute will be held unconstitutional." *Tilton v. Playboy Ent. Grp., Inc.*, 554 F.3d 1371, 1376 (11th Cir. 2009) (internal quotation marks omitted). The U.S. Supreme Court has held that the Commerce Clause of the U.S. Constitution precludes "the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State" and that "a statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid." *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989). Thus, a construction of the AROPA that extends its reach to commercial conduct beyond Alabama's borders would place the statute into constitutional doubt.[4]

---

[4] Indeed, a federal court in Washington recently construed the Washington Right of Privacy Act— which more explicitly aims at advertising both within and beyond the State's borders—and held aspects of that statute unconstitutional under both the Full Faith and Credit Clause and the dormant Commerce Clause.  *See Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*, 766 F. Supp. 2d 1122, 1135–36, 1140–43 (W.D. Wash. 2011).

In sum, the AROPA creates liability for advertising and false endorsement *directed to Alabama*. Because Plaintiff fails to allege that Noom's advertising was targeted at Alabama, she fails to state a claim under the statute.

## B. Commercial Appropriation (Count II)

Plaintiff's alternative claim for common law commercial appropriation likewise fails because it is entirely duplicative of Count I. As a general rule, "[r]edundant or duplicative causes of action are subject to dismissal under Rule 12(b)(6)." *Wilborn v. Trant*, No. 4:15 Civ. 02071, 2017 WL 6596594, at \*2 (N.D. Ala. Nov. 17, 2017). And there is no daylight between Counts I and II. Indeed, as the Alabama Law Institute comment to Ala. Code § 6-5-771 explains, the AROPA "supersedes prior inconsistent common law on the unauthorized commercial use of a person's indicia of identity." Consequently, Count II should be dismissed as redundant and duplicative and, in any event, should be dismissed for the same reasons as Count I.

## C. "Invasion of Privacy" (Count III)

When Plaintiff amended her complaint, following the Court's show-cause order, she added a third claim, styled as an "Invasion of Privacy" claim. This ill-defined and under-pled claim fails because it does not fit any recognized type of invasion-of-privacy claim. Indeed, the core of Plaintiff's complaint is that Noom infringed on her right of publicity—not of privacy. *See, e.g.*, AC ¶¶ 11–12.

13

To start, Plaintiff prominently alleges that she is "well-known locally and nationally," even noting that she has "appeared nationally on CNN, as well as on many television stations that are local to her area." AC ¶¶ 7–8. Thus, while it is understandable that Plaintiff hurried to amend her Complaint when faced with an order to show cause threatening to dismiss this case for lack of service, invasion of privacy is a strange road for this Plaintiff to go down.

In all events, Alabama generally follows the Restatement (Second) of Torts with respect to invasion of privacy. *See, e.g.*, *Schifano v. Greene Cnty. Greyhound Park, Inc.*, 624 So. 2d 178, 180–81 (Ala. 1993). The Restatement identifies specific wrongs this claim is meant to redress. In particular, it identifies three species of invasion-of-privacy claims, in addition to the commercial appropriation tort Plaintiff pleads in Count II: (1) intrusion upon seclusion; (2) publicity given to private life; and (3) publicity placing person in false light. *See* Restatement (Second) of Torts § 652A (1977); *see also Hogin v. Cottingham*, 533 So. 2d 525, 528 (Ala. 1988).

Plaintiffs' allegations—the core of which are that Noom infringed on her right of publicity, not of privacy—do not fit into any of those boxes. Nothing in the Amended Complaint speaks to seclusion, or private life. And while Plaintiff takes issue with the quotation that was included in the ad (without attribution or reference to her by name), Plaintiff does not and cannot allege, as required, that "the false light in which the other was placed would be *highly offensive* to a reasonable person."

14

*Schifano*, 624 So. 2d at 180 (emphasis in original) (quoting Restatement (Second) of Torts § 652E (1977)). Just the opposite:  Plaintiff alleges that people look to her for advice on health and fitness, and suggests that the ad may have motivated people to try to lose weight. *See* AC ¶¶ 10–12, 23. Thus, the core of the claim remains publicity, not privacy, and Plaintiff's passing references to "false light" are just window dressing. *See id.* at ¶ 22 ("Defendant Noom placed Plaintiff Rivers in a false light by misappropriating Plaintiff River's likeness.").

In sum, Plaintiffs' Count III does not allege a cognizable privacy claim, and it should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction and improper venue. In the alternative, Plaintiff's Amended Complaint should be dismissed for failure to state a claim on which relief can be granted.

Further, Plaintiff has already used her amendment as of right, and any further amendment would be futile in light of the lack of a sufficient nexus to Alabama and the fundamental defects in her claims. In these circumstances, her claims should be dismissed with prejudice. *See, e.g.*, *Bacon v. Pittman*, No. 20-14510-F, 2021 WL 2232614, at *1 (11th Cir. May 14, 2021) (affirming dismissal with prejudice where

the plaintiff had previously been granted leave to amend and amending the complaint would be futile).

Dated: March 21, 2022

Respectfully Submitted,

/s/ Jay M. Ezelle
Jay M. Ezelle
Michael R. Lasserre
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
Phone: (205) 868-6000
Fax: (205) 868-6099
*jezelle@starneslaw.com*
*mlasserre@starneslaw.com*

John Quinn (*Pro Hac Vice* pending)
Maximillian L. Feldman (*Pro Hac Vice* pending)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Phone: (212) 763-0883
*jquinn@kaplanhecker.com*
*mfeldman@kaplanhecker.com*

*Attorneys for Noom, Inc*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

H Gregory Harp
GREGORY HARP LLC
459 Main Street
Suite 101-266
Trussville, AL 35173
205-544-3132
Fax: 205-769-1414
Email: gh@gregoryharplaw.com


Nicholas B Sparks
Nicholas Sparks Injury Law, LLC
P O Box 729
Jasper, AL 35502
205-387-8282
Fax: 205-387-8212
Email: nicholassparkslaw@gmail.com


                                        /s/ Jay M. Ezelle