UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**CANDACE RIVERS,**
    Plaintiff,

v.

**NOOM, INC.,**
    Defendant.

Case No. 1:21-cv-1226-CLM

# MEMORANDUM OPINION

Candace Rivers sues diet and weight-loss company Noom, Inc. for using her picture and a fictional quote in a Facebook ad without her knowledge or permission. Noom asks the court to dismiss River's second amended complaint for lack of personal jurisdiction, lack of venue, and failure to state a viable claim. (Doc. 24). Rivers disagrees on all three points and asks for discovery if the court has any concerns about jurisdiction. (Doc. 29).

But discovery is unnecessary. The court finds that the court has personal jurisdiction, venue is proper, and two of Rivers' three claims are viable. So the court **GRANTS IN PART and DENIES IN PART** Noom's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 24), and **DENIES AS MOOT** River's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction (doc. 29).

## STATEMENT OF FACTS

Because this order addresses a Rule 12 motion filed by Noom, the court states the facts as pleaded by Rivers, in a light most favorable to Rivers:

Candace Rivers lives in Alabama, where she mentors others about her fitness lifestyle. Rivers has appeared on local and national outlets like CNN to talk about fitness, and according to Rivers, her mentees "value and place great worth on Rivers' opinions and recommendations." (Doc. 23, ¶ 17).

Noom, Inc. sells a diet and weight-loss program that advertises regularly on Facebook. Rivers neither works for Noom nor uses their program—which is likely why this Facebook ad caught Rivers by surprise:



That's Rivers lifting weights. But Rivers never posed for Noom, nor has she said that she "was pushing a size 16" before using Noom to fall to a "around a size 10." Rivers says that Noom took her picture and tacked a false quote on to it to draw people to Noom's website.

So Rivers sued Noom. Now Noom asks the court to dismiss her case.

## DISCUSSION

Noom argues that the court must dismiss Rivers' second amended complaint for any of three reasons: (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim. (Doc. 24, pp. 1-2). The court addresses each in turn.

## I. Personal Jurisdiction

Noom first argues that the court lacks personal jurisdiction over it.

1. <u>Standard of Review</u>: Noom agrees that the court has subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332(a), with Rivers being the Alabama resident and Noom being the nonresident. That means the court can exercise personal jurisdiction over Noom under two conditions: (1) Alabama state courts would have personal jurisdiction under Alabama's longarm statute and (2) exercising personal jurisdiction would not violate federal due process requirements. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Fortunately, those inquiries merge because Alabama's longarm statute grants jurisdiction "when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States." Ala. R. Civ. P. 4.2(b).

So the question is whether exercising personal jurisdiction over Noom would violate the Fourteenth Amendment's Due Process Clause. "At bottom, due process prohibits the exercise of personal jurisdiction over a nonresident defendant unless its contacts with the state are such that it has fair warning that it may be subject to suit there." *Del Valle v. Trivago GMBH*, __ F.4th __, 2022 WL 17101160 (11th Cir. 2022) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, __ U.S. __, 141 S.Ct. 1017, 1024 (2021)). To make that determination, the court must look at three things:

- Do Rivers' claims "arise out of or relate to one of [Noom's] contacts with the forum state;"
- Did Noom "purposefully avail[] itself of the privilege of conducting activities within the forum state;" and,
- Would exercising personal jurisdiction over Noom agree with "traditional notions of fair play and substantial justice."

*Id.* Rivers must plead enough facts to establish the first two points. If she does, Noom must then "make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.*

2. <u>Relatedness</u>: In her complaint, Rivers alleges that the court has personal jurisdiction because Noom sells its weight loss services to Alabama residents; Noom advertises its program to Alabama residents through Facebook and other social media platforms; and Noom employs "coaches" who work in Alabama by remotely helping Noom customers. (Doc. 23, ¶¶ 4-8). The court finds that Noom's advertising and sales satisfy the relatedness element.

Rivers alleges that her "mutual Facebook friends in Alabama" saw the ad with her picture on their Facebook feed. (Doc. 23, ¶ 27). Here's a screenshot of the ad as it appeared in the feed of Alabama resident Alicia Blackmon:



(*Id*.). Clicking the "Learn More" button directed ad recipients—including Alabama residents like Blackmon—to Noom's homepage, where they could purchase Noom's product. (*Id.* ¶ 28).

4

While direct causation is not required[1], Rivers' claims arise directly from Noom placing the ad with Rivers' picture on Facebook to be seen by Alabama residents, who in turn (Noom hoped) would sign up for Noom's services. That's enough, as shown by the Eleventh Circuit's recent finding that the relatedness element was "readily met" when Booking.com and Expedia used their websites to target Florida residents and some Florida residents used those sites to book rooms. *See Del Valle*, 2022 WL 17101160, at * 5.

3. <u>Purposeful Availment</u>: There are two tests for purposeful availment: the effects test and the minimum contacts test. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Rivers only needs to pass one test. She passes both.

"Under the effects test, a nonresident defendant's single tortious act can establish purposeful availment without regard to whether the defendant had any other contacts with the forum state. [citation omitted]. The test is met when the tort was intentional, aimed at the forum state, and caused harm that the defendant should have anticipated would be suffered in the forum state." *Id.* Here, Rivers pleads facts that would show (a) Noom intentionally used Rivers' picture and a false quote in an ad; (b) Noom targeted Alabama residents with the ad and (c) Noom should have known that the ad would damage Rivers in Alabama, the state where Rivers lived.

"The minimum contacts test assesses the nonresident defendant's contacts with the forum state and asks whether those contacts (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Id.* "In performing the minimum contacts analysis, [the court] identif[ies] all contacts between the nonresident defendant and the forum state and ask whether, individually or collectively, those contacts satisfy the relevant criteria," *id.,* and "the nonresident's contact with the forum need not give rise to the plaintiff's claim." *Id.* Rivers satisfies all three elements. First, Noom's advertising relates to Rivers' lawsuit. Second, Noom's employment of coaches in Alabama, plus Noom's advertising in

---

[1] *See Ford Motor Co.*, 141 S.Ct. at 1026-27 ("[W]e have never framed the specific jurisdiction inquiry as always requiring proof of causation—*i.e.*, proof that the plaintiff's claim came about because of the defendant's in-state conduct.").

Alabama, show that Noom has availed itself of the privileges of doing business in Alabama. Third, Noom could reasonably anticipate being sued in Alabama based on the business it does in Alabama.

As a result, the court finds that Noom has purposefully availed itself of doing business in Alabama under either relevant inquiry.

4. <u>Fair play and substantial justice</u>: Because Rivers met her burden, the burden shifts to Noom in "the 'fair play and substantial justice' prong, which considers (1) 'the burden on the defendant'; (2) 'the forum's interest in adjudicating the dispute'; (3) 'the plaintiff's interest in obtaining convenient and effective relief'; and (4) 'the judicial system's interest in resolving the dispute.'" *Id.* at *7. Noom makes no argument under this test, nor does it provide any evidence that litigating Rivers' case in Alabama would be unduly burdensome. Plus, Alabama has an interest in protecting its citizens against the commercial use of their likeness without their consent, as shown by Alabama's passage of a law prohibiting the act in 2015. *See* Ala. Act 2015-188.

---

In sum, Rivers pleads enough facts to establish that Alabama courts have specific personal jurisdiction over Noom. So the court **denies** Noom's motion to dismiss under Rule 12(b)(2).

## II.   Venue

In her complaint, Rivers alleges that venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b)(3) because "substantial parts of the events that gave rise to this lawsuit occurred in this District." (Doc. 23, ¶ 11). In the same paragraph on venue, Rivers alleges that "a substantial number of Alabamians subscribe to Noom and pay money to Noom in exchange for its products and services," and that "Noom advertises in the State of Alabama for the purposes of gaining more subscribers." (*Id.*)

Noom argues that Rivers fails to prove venue because, even if the court finds that Noom targeted Alabama residents, Rivers failed to plead facts that would prove those residents live in the Northern District of Alabama, rather than just the Middle or Southern Districts. (Doc. 25, pp. 13-14). And Noom

6

rightly notes that Rivers fails to address this argument in her response to its motion to dismiss. (Doc. 33, p. 12). But Rivers' failure to respond is not fatal because dismissal is required only if the case was filed "in the wrong division or district." 28 U.S.C. § 1406(a). As the Supreme Court put it:

> Section 1406(a) provides that '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.' Rule 12(b)(3) states that a party may move to dismiss a case for 'improper venue.' These provisions therefore authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought."

*See Atl. Marine Const. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). So the court must determine whether venue is "wrong" or "improper" under 28 U.S.C. § 1391(a). *Id.*

When judging a venue challenge under Rule 12(b)(3), the court must take all facts alleged in the complaint as true—unless contradicted by defense affidavits—and the court must construe those facts in the light most favorable to the Plaintiff. *See Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). Rivers alleges that Noom used her "stolen image on multiple occasions to market its products and services to other Alabama residents." (Doc. 23, ¶10). It would be remarkable for Noom's ad to appear on computers and phone apps in the Southern and Middle Districts of Alabama but not on devices in the Northern District. Noom submits no affidavits to suggest that Facebook walled off Northern District devices, so the court must presume that Noom's ad appeared statewide (because, again, the court must construe the facts in the light most favorable to Rivers). So the complaint alone alleges sufficient facts to establish venue.

That said, the court is not bound by the four corners of the complaint; "the court may examine facts outside of the complaint to determine whether venue is proper." *In re Blue Cross Blue Shield of Alabama Antitrust Litigation*, 225 F. Supp. 3d 1269, 1290 (N.D. Ala. Dec. 21, 2016); *see also* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1352 (3d ed. 2004) ("[a] district

7

court may examine facts outside the complaint to determine whether its venue is proper"). As shown on page 4, Alicia Blackmon forwarded the Noom ad to Rivers by Facebook message. Rivers attached declarations from Blackmon and herself to her response in opposition to Noom's previous motion to dismiss. (*See* Docs. 18-1, 18-2). In them, both Blackmon and Rivers declared that they lived in Calhoun County, Alabama when Facebook published the Noom ad on Blackmon's feed. (*Id.*) Noom offers no evidence that Rivers and Blackmon lived elsewhere, so the court must assume that at least one resident of Calhoun County received the Noom ad and told Rivers about it.

Because Calhoun County is in the Northern District of Alabama, venue is proper here. So the court will **deny** Noom's Rule 12(b)(3) motion.

### III. Failure to State a Claim

Lastly, Noom argues that none of Rivers' three counts state a claim that can entitle her to relief, so the court must dismiss Rivers' complaint under Rule 12(b)(6). (Doc. 24, p. 2). All three counts allege some form of invasion of privacy under Alabama law, so a little background is helpful.

In Alabama, common law governs the tort of invasion of privacy. It "consists of four distinct wrongs: 1) the intrusion upon the plaintiff's physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiff's personality for a commercial use." *Hogin v. Cottingham*, 533 So. 2d 525, 528 (Ala. 1988).

In 2015, however, the Alabama Legislature passed the Alabama Right of Publicity Act ("ARPA") "to define the right, the elements and scope of liability . . . define the remedies available, and set forth defenses" for the commercial appropriation of a person's identity—*i.e.,* the fourth of the four distinct common law variants of invasion of privacy. Ala. Act 2015-188. The ARPA said nothing about the three other variants.

Rivers pleads a claim under the ARPA (Count 1), the fourth common law variant (Count 2), and the third common law variant (Count 3). The court addresses the counts in the order Rivers pleaded them.

8

**Count I: ARPA violation**

Rivers first alleges that Noom violated the ARPA when it used her identity "in Facebook advertisements that induced consumers to purchase Defendant Noom's products and/or services." (Doc. 23, ¶36). Section 3(a) of the ARPA states:

> Except as otherwise provided in this article, any person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services, or for purposes of fund-raising or solicitation of donations, or for false endorsement, without consent shall be liable under this article to that person, or to a holder of that person's rights.

Ala. Code § 6-5-772(a) (highlight added).

The court highlights the phrase "in this state" because Noom argues that the phrase—which appears only once, after the clause that prohibits using a person's identity "on or in" products, goods, and services—should be superimposed on the later prohibition against using a person's identity when advertising products, goods, and services. (Doc. 25, pp. 14-15). Noom then adds that the failure to graft the "in this state" limitation on to advertisements would cast the ARPA into constitutional doubt because it would extend Alabama's reach beyond its borders in violation of the Commerce Clause. (*Id.* at 16). And once the court agrees that the ARPA applies only to advertising "in this state," the court must dismiss Rivers' first count because Rivers fails to plead facts that would prove that "Noom's advertising was targeted at Alabama[.]" (*Id.* at 23).

Even if Noom is right that courts must impose the "in this state" limitation on advertisements, Noom's argument still fails. The statute says "in this state"—not "targeted at Alabama." Rivers has pleaded facts that show Noom used Rivers' picture and a false quote "for purposes of advertising . . . services" *in this state*. And Noom's ad was seen *in this state*. That's all the

statute requires. It does not also require proof that Noom asked Facebook to "target" Alabamians. So the court **denies** Noom's motion to dismiss Count I.

### Count II: Common Law, Commercial Appropriation

Rivers next alleges that Noom "did misappropriate the likeness of Plaintiff Rivers for the commercial benefit of Defendant Noom," in violation of "the common law tort of misappropriation." (Doc. 23, ¶¶ 43-50). Noom argues that the court must dismiss Count II because it is duplicative of Count I and that the ARPA abrogates the common law tort of commercial appropriation.

The court agrees. In Alabama, "[t]he common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the Legislature." Ala. Code § 1-3-1. As explained, the Alabama Legislature passed the ARPA in 2015 to statutorily define commercial misappropriation. That means the common law tort of commercial appropriation—*i.e.,* the fourth of the four common law variants of invasion of privacy—"continue[d] in force" until 2015, when it was "altered or repealed by the Legislature." *Id.* The remaining three common law variants—*i.e.*, wrongful intrusion upon solitude, publicity given to private life, and false light—however, remain viable because "[a] statute which is an innovation on the common law will not be extended further than is required by the letter of the statute." *Alabama v. Grant*, __ So. 3d __, 2022 WL 4115310, at * 4 (Ala. Sept. 9, 2022).

That Alabama now recognizes one statutory and three (not four) common law variants of invasion of privacy is perhaps best shown by the Alabama Pattern Jury Instruction Committee altering the pattern instructions for invasion of privacy in 2016 to replace the fourth common law variant with the new statutory claim. *See* Alabama Pattern Jury Instructions §§ 35.00 (listing the four available theories); 35.11—35.16 (instructions on the ARPA claim).

Because Count II pleads a common law claim that the ARPA abrogated, the court **grants** Noom's motion to dismiss Count II.

### Count III: Common Law, False Light

In her final count, Rivers pleads the common law tort of false light—*i.e.,* the third variant of invasion of privacy.[2] Under Alabama law, "[o]ne who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Cottrell v. NCAA*, 975 So. 2d 306, 348 (Ala. 2007). "A false-light claim does not require that the information made public be private; instead, the information made public must be false." *Id.*

In her statement of the facts, Rivers alleges that Noom's Facebook ad attributed this quote to Rivers: "I was pushing a size 16, now a year later, I'm around a size 10." (Doc. 23, ¶23). In Count III, Rivers alleges that this statement about her weight was false and hurtful (*id.* ¶24), and caused her emotional distress and mental anguish (*id.* ¶25).

Accepting these facts as true, the court finds that Rivers could prove that Noom knew or should have known that it fabricated the quote it attached to Rivers' picture and that using the fabricated quote to declare to Facebook viewers that Rivers (a fitness trainer) "was pushing a size 16" was "highly offensive." So the court **denies** Noom's motion to dismiss Count III.

---

[2] Rivers generically labeled Count III "invasion of privacy" in her complaint (doc. 23, ¶¶ 51-56), but clarified that Count III was the "false light" variant of the common law tort in her brief in opposition (doc. 18, pp. 13-16). So the court analyzes Rivers' pleading of Count III against the Alabama Supreme Court's definition of false light invasion of privacy.

11

## CONCLUSION

For the reasons explained above, the court **DENIES** Noom's Motion to Dismiss Counts I and III; **GRANTS** Noom's Motion to Dismiss Count II; and, **DENIES AS MOOT** Rivers' motion for leave to conduct discovery on the issue of personal jurisdiction. The court will enter a separate order that carries out this ruling.

The court will also enter its standard initial order that governs future proceedings, including the filing of the parties' Rule 26 report.

**DONE** on January 23, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE